UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

**OPINION AND ORDER**

v.

CLINT EDWARDS,

18-CR-00163 (PMH)

Defendant.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

On July 2, 2018, Defendant Clint Edwards pled guilty to Count One of the Superseding Information charging him with coercion and enticement of a minor to engage in illegal sexual activity in violation of Title 18, United States Code, Sections 2422(b) and 2. (*See* July 2, 2018 Min. Entry; Doc. 33). On November 30, 2018, Mr. Edwards was sentenced principally to a term of 240 months' imprisonment and the sentence was affirmed on appeal. (Docs. 42 and 46). On January 26, 2022, the Court denied Mr. Edwards' motion pursuant to 28 U.S.C. § 2255 seeking to set aside his sentence. (Doc. 62).

By letter dated March 12, 2026 and a subsequent letter dated March 29, 2026 that the Court filed under seal, Mr. Edwards seeks to challenge the conditions of his confinement and requests that the Court transfer him to a different facility. (Docs. 71 and 75). Mr. Edwards alleges that the Bureau of Prisons ("BOP") is violating his rights under the First and Eighth Amendments, he should not be kept in general population, he has been sent to the "SHU" after refusing to be housed in general population, he is being denied access to his "legal work," his mental health issues are not being addressed, and the BOP is failing to protect him from other inmates. (*Id.*). Should the Court not transfer him to a different facility, Mr. Edwards intends to seek a reduction in his sentence based on the violation of his rights. (*Id.*).

A habeas petition under 28 U.S.C. § 2241 may be used to "challenge[] the execution of a federal prisoner's sentence, including such matters as ... prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). "Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). "Thus, jurisdiction to consider a Section 2241 *habeas corpus* challenge to a federal prisoner's physical confinement, including a challenge to his conditions of confinement, generally lies in the United States District Court for the federal judicial district where that person is confined." *Davis v. United States*, No. 24-CV-8014, 2025 WL 3059741, *2 (S.D.N.Y. Nov. 3, 2025).

Mr. Edwards is currently housed at USP Coleman I located in Sumter County, Florida, which is in the Middle District of Florida. (*See* Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc (last visited April 15, 2026). If Mr. Edwards seeks a prison transfer or to challenge his conditions of confinement or prison disciplinary actions, he should bring a § 2241 petition in that district.[1]

The Clerk of Court is respectfully directed to mail a copy of this Order to Defendant Clint Edwards at # 79278-054, USP Coleman I, U.S. Penitentiary, P.O. Box 1033, Coleman, FL 33521.

SO ORDERED:

Dated: White Plains, New York
April 15, 2026

_____
Philip M. Halpern
United States District Judge

---

[1] The Court does not address the Government's argument that Mr. Edwards has failed to exhaust his administrative remedies to bring a proper § 2241 petition.

2